UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:**   (IN CHAMBERS) Order To Show Cause Re:  Dismissal For Lack Of Service Of Process, Noncognizability, And Frivolousness

As explained below, the Court has concluded that this case is subject to dismissal for two reasons:  Plaintiff's failure to serve the Defendants with  process; and the noncognizable and frivolous nature of the Complaint.  As also explained below, Plaintiff is ORDERED to file a response to this Order if she opposes the dismissal of this action.

*The Complaint:*

On May 5, 2016, Plaintiff filed a Complaint, which she states is brought under 18 U.S.C. § 242 [Dkt. 1].  The two Defendants are Loretta E. Lynch, the Attorney General of the United States, and Judith Gellman, who is alleged to be a Human Resources Recruiter for the FBI.  A single cause of action is pleaded, again under 18 U.S.C. § 242.

The Complaint is rambling.  In brief, Plaintiff describes one or more alleged meetings in Portugal between herself (when she was a minor), Defendant Gellman, and J. Edgar Hoover, who at the time (according to Plaintiff) was dead but had "cloned his own body, cut it into pieces and put them inside a coffin."  (Complaint at 3.)  According to Plaintiff, Gellman and Hoover conversed about computers that were placed in people's bodies, and Hoover spoke to Gellman "in unsequenced patterns and in other ways other than words."  Hoover mentioned a scar on Plaintiff's arm and "how 'it' comes in and out of people,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

which Plaintiff later come to understand was a reference to placing computer equipment in people. (*Id.* at 5-6.) Hoover told Gellman he "liked confessing" on Plaintiff's island because of a local religious practice involving blessing bread. Hoover also talked to Gellman about a local martyr and the related "prophecies of Fatima," and he advised Gellman that he had placed a computer in one of the three shepherds who had visions of the Virgin Mary and that Plaintiff was "part of the prophecy." (*Id.* at 7-8.) Plaintiff alleges that, years later in 2009, when she began attending college in Long Beach, she saw Gellman for the first time since the above-described conversation, and Gellman indicated that she remembered the conversation with Hoover. (*Id.* at 9.)

Plaintiff alleges that, in 2010, she began writing to President Obama for help, because she was being stalked, and that in November 2013, the Obama family showed up at a gas station Plaintiff frequented (in order to use its restroom, due to her homeless status). She informed President Obama of her situation and he left "special agents" "in charge." These "special agents" thereafter tortured Plaintiff, including by using a computer that slowed down her digestive tract and caused her to become obese, caused her to sustain a pulmonary embolism, deflated one of her lungs, opened her heart valve, stopped and restarted her heart, burnt her finger and chest area, raped her, and pulsated her sexual organs. The "special agents" implanted computers and eye lenses in Plaintiff, which cause pressure to her womb, her vision to be distorted and her lips to burn, her vocal cords to "code[] unwanted words," numbness, and pinched ligaments, among other things. The "special agents" allowed Hoover's "voice in their computers and connected it to the computer inside [Plaintiff's] body, in [her] sexual organs," which is rape. In addition, these "special agents" have allowed Hoover to get into her car's CPU and have filled her room with cocaine. (Complaint at 10-15.) Finally, Plaintiff asserts that, prior to 2009, Hoover confessed to being the Zodiac Killer as well as the killer of Princess Diana, Robert F. Kennedy and "Dr. Dre's son," and to having given a monkey in Kenya an injection "of lunar rock that caused HIV/AIDS, around the time Hawaii was being considered to become a state." (*Id.* at 15.)

Plaintiff asks the Court to order the unidentified "special agents" to provide the Court with proof of their actions. She seeks an order directing Hoover and the "special agents"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

to stay away from her, except when she has to attend court to testify against Hoover. She also seeks monetary damages, including reimbursement of her college expenses, living expenses since 2009, traffic ticket expenses of $2,000, and other personal expenses. (*Id.* at 22.)

*Failure to Serve Process:*

On May 12, 2016, the Court issued an Initial Order [Dkt 5], which advised Plaintiff that she was required to serve the summons and Complaint on all named defendants by no later than August 3, 2016, and that service of process must comply with Rule 4 of the Federal Rules of Civil Procedure. The initial Order further advised Plaintiff that, if such service of was not completed by the 90-day deadline, this action may be dismissed under Rule 4(m).

The Rule 4(m) deadline has passed, and no effective proof of service appears to have occurred. Although Plaintiff filed a document labeled "Proof of Service on an Officer or Employee of the United States in His or Her Individual Capacity" on May 24, 2016 [Dkt. 6], that document shows, at most, that Plaintiff mailed something to Defendant Lynch by certified mail on May 24, 2016, presumably the Complaint.[1] Plaintiff filed another document on May 26, 2016, which indicates that, on May 25, 2016, she sent to Defendants Lynch and Gellman, by certified mail, copies of the summons, the first page of the Complaint, and various other documents [*see* Dkt. 8]. There is no other service of process-related evidence before the Court.

Plaintiff's mailings on May 24 and 25, 2016 are plainly inadequate to constitute service of process under Rule 4(m). Construed liberally, they show, at most, that Plaintiff mailed Gellman a summons and only one page of the Complaint, and mailed Lynch a copy of the Complaint and the summons in two separate mailings. Rule 4, however, requires more.

---

[1] Although Docket 6, which is a form, alludes to sending a summons and complaint, the summons in this action did not issue until May 25, 2015 [*see* Dkt. 7], and thus, could not have been mailed to Defendant Lynch on May 24, 2016, as Plaintiff alleged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

*See* Rule 4(i)(1)(A)(i)-(i), (i)(2), and (i)(3). There is no evidence that Plaintiff has served the summons and Complaint on the United States Attorney's Office for this District, nor has she sent a complete copy of the Complaint to Gellman or separately to Lynch (to the extent that these Defendants are sued in their official capacities), nor has she served either Defendant properly (to the extent they are sued in their individual capacities).

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, a federal district court must dismiss the action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m); *see also Muhammed v. Department of Treasury*, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id.*, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

By the Court's Initial Order, Plaintiff was clearly advised of her obligation to effect service of process within the Rule 4(m) deadline and in compliance with Rule 4's requirements. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). Given the explicit advice provided to Plaintiff, there is no cause, much less good cause, for her failure to prosecute this action by properly serving the Defendants with the Complaint. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred). Accordingly, dismissal pursuant to Rule 4(m) is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

*The Complaint Is Not Cognizable And Is Frivolous:*

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989). Under Rule 12(b)(6), a court may dismiss a claim *sua sponte* for failure to state a claim when the plaintiff "cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (reaffirming this rule). A court may do so even when the defendant has not made a motion to dismiss. *Ricotta v. State of California*, 4 F. Supp. 2d 961, 968 (S.D. Cal. 1998), aff'd 173 F.3d 861 (9th Cir. 1999). Before *sua sponte* dismissing a claim under Rule 12(b)(6), a court must give notice of its intention to do so and provide the plaintiff with an opportunity to oppose such a dismissal in writing. *Seismic Reservoir*, 785 F.3d at 335.

In addition, a claim that is wholly insubstantial and frivolous may be dismissed for want of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682-83 (1945); *see also Neitzke*, 490 U.S. at 327 n.6 ("[a] patently insubstantial complaint" and/or one "devoid of merit" may be dismissed under Rule 12(b)(1)); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). "A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir.1984). Factual frivolousness exists if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Neitzke*, 490 U.S. at 325, 327, 328.

The Court has concluded, *sua sponte*, that the Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), for the following reasons:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

First, the Complaint rests entirely on 18 U.S.C. § 242, a federal criminal statute, which Plaintiff asserts is both the jurisdictional predicate for this case and the substantive law on which her sole claim rests. Section 242, however, does not give rise to a private cause of action and may not be enforced civilly by a private party such as Plaintiff. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968). Accordingly, not only does the Complaint fail to state a cognizable basis for a claim, but this Court lacks jurisdiction to consider it, as 18 U.S.C. § 242 cannot serve as a basis for jurisdiction over this civil action. The Court has informed Plaintiff of this fact twice, but she continues to disregard the Court's prior Orders. (*See* CV 15-9309-AG (GJS), Dkt. 5, and CV 15-8739-AG (GJS), Dkt. 6.)

Second, the Complaint contains no allegations of any conduct or omission by Defendant Lynch. There is no basis for liability on her part alleged in the Complaint under any tenable theory. The only allegations related to Defendant Gellman are with respect to her alleged meeting with Hoover and Plaintiff in Portugal many years ago, her brief contact with Plaintiff in Long Beach in 2009, and her response to Plaintiff's email asking who was stalking her and advising Plaintiff that it was not Gellman's Department. These allegations, no matter how liberally they are construed, are plainly inadequate to state any plausible basis for liability on Gellman's part, much less any tenable theory of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Thus, apart from the above-noted defect, the Complaint fails to state any claim upon which relief can be granted against either Defendant.

Third, the Complaint is frivolous, patently unsubstantial, and devoid of merit and, thus, is dismissible, under Rule 12(b)(1). The allegations of the Complaint – as described briefly above – are fantastical and delusional. Plaintiff's allegations regarding J. Edgar Hoover and his purported activities long after his death, of the implantation of computers in her body and the bodies of others (including historical figures), of her meeting with the Obama family at a gas station, and so on, are so fanciful, fantastic, and delusional that they are obviously frivolous and this case is patently insubstantial. Her delusional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3107-AG (GJS) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Tania Maria de Oliveira Cordeiro v. Attorney General Loretta Lynch, et al., | | |

allegations present no basis whatsoever for federal jurisdiction, and thus, *sua sponte* dismissal under Rule 12(b)(1) is warranted.

*Order To Show Cause:*

Accordingly, by no later than **September 19, 2016**, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed:

1. Pursuant to Rule 4(m), based upon her failure to serve the Defendants with process;
2. Pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted; and
3. Pursuant to Rule 12(b)(1), for lack of subject-matter jurisdiction.

Plaintiff shall file a Response to this Order To Show Cause by the above deadline.

> **Plaintiff is cautioned that a failure to timely respond to this Order to Show Cause and to both establish good cause for her noncompliance with Rule 4(m) and show why this action should not be dismissed as noncognizable and frivolous will result in a recommendation that this action be dismissed.**

**IT IS SO ORDERED.**